UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAIGE ALLISON HOWARD,<br><br>        Plaintiff,<br><br>  -vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>        Defendant. | NO.   CV-12-0103-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 13 and 16). Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Robert Van Saghi represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

**JURISDICTION**

Plaintiff protectively applied for social security income [SSI] benefits on March 26, 2009, alleging disability beginning on July 3, 2005, due to fibermyalgia, back pain, bipolar

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

depression, anxiety, irritability, and social withdrawal. The application(s) were denied initially and on reconsideration.

At a hearing before Administrative Law Judge [ALJ] Caroline Siderius on April 27, 2011, Plaintiff, represented by counsel, a medical expert, and a vocational expert testified. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on February 16, 2013.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here. Plaintiff was 43 years old at the time of her hearing. (Tr. 43) She lived alone in a trailer outside a major business. (Tr. 42) She testified that she tends to her own day to day needs (Tr. 50) but requires help grocery shopping. (Tr. 51). She occasionally babysits her grandchild. (Tr. 42) Though she used to abuse illegal drugs, she has been clean for seven or eight years. (Tr. 44). She complains of memory issues, anxiety and bouts of depression and anger. (Tr. 44 - 45).

## ADMINISTRATIVE DECISION

The ALJ determined that Plaintiff is not disabled. First, the ALJ found that Plaintiff had not engaged in substantial activity since March 26, 2009. Second, the ALJ indicated that the Plaintiff has the following severe impairments: degenerative changes, hip, right-sided spondylolysis at L5-S1, depression, bipolar disorder, and personality disorder, but that none of these impairments, nor any combination thereof, meet or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Based on review of the record, the ALJ decided that Plaintiff has the residual functional capacity to perform light work. Based on this assessment, the ALJ determined that Plaintiff is capable of performing past relevant work as a housekeeper. In the alternative, the ALJ determined that Plaintiff can perform other work that exists in substantial numbers in the national economy. (Tr. 19)

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

*v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

Plaintiff complains of two general issues.  First, Plaintiff claims that the ALJ failed to properly evaluate Plaintiff's mental health impairment.  Specifically, Plaintiff complains that the ALJ improperly weighed the medical opinions, especially that of Dr. Moore.  Second, Plaintiff argues that the ALJ failed to give a proper hypothetical to the vocational expert.  Plaintiff asserts that the ALJ "failed to ask even one hypothetical question which encompassed a single limitation arising from mental health impairment." (ECF No. 14, pg. 9).

## DISCUSSION

Upon review of the record and the thorough opinion, it is apparent that the ALJ's decision was based on substantial evidence and the ALJ did not err.  The ALJ carefully reviewed and properly assessed the medical opinions.  Further, it is clear that Dr. Moore's opinions were soundly based on the medical record.  The ALJ did not err in giving Dr. Moore's opinion significant weight.  The ALJ also gave significant weight to treating physician Dr. Genthe's opinion.  The ALJ did not discount treating physicians in favor of

1  Dr. Moore, but rather used Dr. Moore's analysis to inform review of specific issues in the
2  record such as GAF scores.
3      Dr. Moore noted that after taking medication, Plaintiff's mental health symptoms
4  greatly improved. Plaintiff argues that improvement alone is insufficient to justify a finding
5  of not disabled; however, the record supports the conclusion that mental health symptoms
6  were in remission in August of 2010. (Tr. 15). Such significant improvement certainly
7  supports the ALJ's findings.
8      Plaintiff also complains that Dr. Moore cast aspersions on Plaintiff based on Plaintiff's
9  concerns, replete in the record, regarding how her actions would affect obtaining social
10 security benefits. Treating physicians noted on more than one occasion that Plaintiff was
11 reluctant to seek work, not due to her mental health issue, but rather her concern that she
12 would jeopardize an award of social security benefits. Dr. Moore's opinions did not misstate
13 the record.
14     The ALJ's reliance on Dr. Moore's assessment of the GAF scores was well supported.
15 Dr. Moore did put more stock in the clinical notes than GAF scores, but doing so does not
16 undermine Dr. Moore's opinion. It is evident from the opinion that the ALJ took into
17 account all medical records and reports from Plaintiff. Failure to assign heavy weight to
18 specific GAF scores did not undermine the ALJ's assessment of the record. Overall, the
19 ALJ's conclusion that Plaintiff's mental health issues caused mild difficulties for social
20 function and mild to moderate difficulties with regard to concentration, persistence, or pace
21 is supported by substantial evidence.
22     Lastly, contrary to Plaintiff's assignment of error, the ALJ did ask questions
23 pertaining to mental health limitations. The ALJ made findings of some limitations in
24 the residual functional capacity and asked pertinent questions of the vocational expert
25 related to the residual functional capacity. The Court finds no error.
26

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed August 2, 2013, **ECF No. 13**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, filed October 3, 2013, **ECF No. 16**, is **GRANTED.**

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

**DATED** this 12th day of September, 2013.

07-18-13

                s/ Wm. Fremming Nielsen
                WM. FREMMING NIELSEN
                SENIOR UNITED STATES DISTRICT JUDGE